UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION


AMANDA MCINTYRE,

Plaintiff,

vs.

CITY OF SPRINGFIELD POLICE
DEPARTMENT, *et al.*,


Defendants.

_____

Case No. 6:21-cv-01709-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Amanda McIntyre ("Plaintiff") filed this action against the City of Springfield Police Department, Robert Weaver, Richard Lewis, and Thomas Rappe*,* alleging multiple claims including violations of Title VII. Plaintiff's claims challenge Defendants' treatment of Plaintiff, a former employee of the Springfield Police Department, compared to that of her male counterparts, and alleges a pattern and practice of gender discrimination within the department.

On January 5, 2024, the Court ordered Defendant City of Springfield-Springfield Police Department, Thomas Rappe, and Richard Lewis ("Defendants") to comply with Plaintiff's discovery requests by producing personnel files and internal investigations conducted by Andrea Coit. ECF No. 75. On January 16, 2024, Defendants filed a Motion for Reconsideration and Clarification of the Court's Order Pursuant to Fed. R. Civ. P. 59(e) and 54(b). ECF No. 77. On February 13, 2024, the Court denied the motion as moot because the order at issue was subject to objections pending before the Judge Aiken. ECF No. 96. On July 16, 2024, Judge Aiken considered those objections and concluded they did not provide basis to modify the Court's order. ECF No. 117. On August 6, 2024, the Court received email correspondence from Defendants requesting that the Court now take up the motion for reconsideration (ECF No. 77) as Judge Aiken's decision renders it no longer moot. Plaintiff's counsel responded via email, referring the Court to Plaintiff's previously filed response to Defendants' motion. Having now considered the motion on its merits, Defendants' Motion for Reconsideration and Clarification of the Court's Order is denied.

## BACKGROUND

On March 24, 2023, Plaintiff served Defendants with a request for production to which Defendants filed objections on May 8, 2023. On November 1, 2023, the Court heard oral arguments regarding discovery. ECF No. 61. Following the hearing, the Court ordered Defendants to produce all Internal Audits (IAs) that contain references to contacts with Plaintiff from 2020 to the present, including IAs for Sergeant Grice and IAs for Defendant Weaver regarding sexual harassment at any time during his employment. ECF No. 62. The Court ordered Defendants to produce IAs written by attorney Andrea Coit but permitted Ms. Coit's impressions or opinions be withheld. *Id.*

The Court's order indicated that it would accept additional briefing by Defendants to advise the Court on what materials are discoverable as fact development as opposed to attorney impressions. *Id.* The Court received detailed briefing of the issues on November 29, 2023 and November 30, 2023. ECF No. 77-1 & 2. Defendants' briefing asserted that all documents produced by Andrea Coit during her investigations are protected by attorney-client privilege and that Plaintiff's request for personnel files is overbroad. ECF No. 77-1. Plaintiff's briefing argued that Defendants should be required to produce all employee personnel files concerning disciplinary actions. ECF No. 77-2.

On January 5, 2024, after carefully considering the parties' arguments, the Court ordered Defendants to comply with Plaintiff's request for personnel records regarding all disciplinary actions involving employees of Springfield Police. ECF No. 75. The Court also found that Andrea Coit's role in the investigation was primarily fact-gathering and therefore not subject to attorney-client privilege. *Id.* On January 16, 2024, Defendants filed a motion for reconsideration under Fed. R. Civ. P. 59(e) and 54(b), asking the Court to reconsider its Order (ECF No. 75) or, in the alternative, to provide clarification regarding the production of personnel records. ECF No. 77. Defendants argue that documents produced by third-party consultant Jim Ferraris and by Andrea Coit are subject to attorney-client privilege. Plaintiff provided a response in opposition to the motion. ECF No. 87.

## DISCUSSION

### I.    Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e)

A district court is permitted to reconsider and amend a previous order pursuant this rule but should be reserved as "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

877, 890 (9th Cir. 2000) (internal citations omitted). Reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* Reconsideration is appropriate where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Defendants' motion for reconsideration rests on the informal briefing process requested by the Court and argues that because of the informality of this process, material facts and relevant case law were not properly briefed or considered. Defendants, however, provide no legal argument as to why the Court erred in employing this informal briefing process or why the decision was unjust. Because all material facts presented by the parties were thoroughly briefed, considered, and discussed within the Court's order, the Court rejects this argument.

Defendants next argue that the IA reports produced by Andrea Coit are protected by attorney-client privilege. Again, Defendants present no new legal argument nor present any evidence not before the Court in the parties' earlier briefing. The Court therefore denies Defendants' motion for reconsideration of the Court's order regarding Ms. Coit's reports.

Defendants also argue, for the first time in their motion for reconsideration, that documents produced by Jim Ferraris' investigations are subject to attorney-client privilege, claiming their purpose was to elicit legal advice. ECF No. 77. In the Ninth Circuit, however, reconsideration is not appropriate when the moving party presents new evidence that could have been raised earlier in the litigation. *Kona Enters., Inc.*, 229 F.3d at 890. Defendants knew of the documents produces by Jim Ferraris at the time the Court ordered informal briefing on the outstanding discovery issues. Because Ferraris' investigative documents are not "newly

discovered evidence," *389 Orange St. Partners*, 179 F.3d at 665, Defendants' argument does not provide a basis for reconsideration of the Court's discovery order. Because Defendants have failed to present newly discovered evidence, clear error, or an intervening change in controlling law, Defendant's motion for reconsideration is denied. *See id.*; Fed. R. Civ. P. 59(e).

## II.    Motion for Reconsideration pursuant to Fed. R. Civ. P. 54(b).

Defendants also argue that reconsideration of the Court's discovery order is appropriate under Fed. R. Civ. P. 54(b). In the Ninth Circuit, District Court judges have found reconsideration to be appropriate under Rule 54(b) when:

> (1) there are material differences in fact or law from that presented to the court and, at the time of the court's decision, the party moving for reconsideration could not have known the factual or legal differences through reasonable diligence; (2) there are new material facts that happened after the Court's decision; (3) there has been a change in law that was decided or enacted after the court's decision; or (4) the movant makes a convincing showing that the court failed to consider material facts that were present to the court before the court's decision.

*In re Intel Corp. CPU Mktg., Sales Pracs. & Prods. Liab. Litig.*, 614 F.Supp.3d 783, 788 (D. Or. 2022) (quoting *In re Galena Biopharma, Inc. Derivative Litig.*, 2014 WL 5494890 (D. Or. Oct. 30, 2014)). Reconsideration motions are "generally disfavored" and must not be used with the sole intention of producing the opposite result from the Court. *Id.*

Here, Defendants argue that because the Court's request and receipt of additional briefing was informal, material facts and relevant case law were not properly considered. Specifically, Defendants allege that the Court did not consider Defendants' allegations regarding Jim Ferraris' investigative reports, allegations presented for the first time in Defendants' motion for reconsideration. For reconsideration to be appropriate under Rule 54(b), however, the moving party must bring forth *new* evidence they previously "could not have known . . . through reasonable diligence." *In re Intel*, 614 F. Supp.3d at 788. Because Defendants could have known

the material facts regarding Jim Ferraris' investigative reports at the time Defendants filed their informal briefing with the Court, this factor is not satisfied and reconsideration under Rule 54(b) is not appropriate. *See id.* Defendants' motion for reconsideration under Fed. R. Civ. P. 54(b) is denied.

### III.     Motion for Clarification of the Court's Order

Defendants also move for clarification of the Court's Order, requesting clarification as to what scope of the content of the personnel files Defendants must produce. ECF No. 77. The Court's Order stated that Defendants must produce all "personnel records regarding disciplinary actions involving employees of Springfield Police." ECF 75. This includes all documents relating to disciplinary actions, including investigations and complaints. Defendants must also produce any records of commendations or awards relating to such employees' professional conduct.

### CONCLUSION

For the reasons above, Defendants' Motion for Reconsideration (ECF No. 77) is DENIED. In addition, the Court considers all pending discovery issues resolved and the case deadlines set forth in ECF No. 107 are now in effect. Discovery will close 30 days after the date of this order. The dispositive motions deadline is 50 days after the date of this order. The Joint ADR report is due 45 days after the resolution of dispositive motions. The Court will set deadlines for expert disclosures and expert discovery, pretrial conference, pretrial order, and trial after dispositive motions are finally resolved.

IT IS SO ORDERED.

DATED this  _20th_  day of August, 2024.

 /s/Mustafa T. Kasubhai
Mustafa T. Kasubhai (he/him)
United States Magistrate Judge